**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JAVIER ENRIQUE CARULLO MORALEZ (A-No. 241-791-592),

Petitioner,

v.

WARDEN CALIFORNIA CITY DETENTION CENTER,

Respondent.

Case No. 1:26-cv-07763-JLT-HBK

ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 2)

## I. INTRODUCTION

Before the Court is Javier Enrique Carullo Moralez's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is lawfully detained under 8 U.S.C. § 1226(a). (Doc. 7.) For the reasons set forth below the Court, **GRANTS IN PART** the habeas petition.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 6.) Respondents do not request a hearing and do not oppose to the Court ruling on the habeas petition without further briefing. (Doc. 7 at 1.) As such, the Court decides this case on the underlying habeas petition on the present record.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. FACTUAL BACKGROUND

Petitioner is a citizen of Venezuela. (Doc. 1 at 2.) Petitioner immigrated to the United States in October 2022, where he was encountered by Customs and Border Protection. (Doc. 7 at 8.) At that time, the Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (*See id.*) DHS then released the Petitioner on his own recognizance pursuant to Alternatives to Detention. (*Id.* at 8, 13.) According to Petitioner, around that time he applied for asylum and temporary protected status. (Doc. 1 at 11.) Petitioner later applied for an I-485 application to register as a permanent resident or adjust status and an I-130 petition for alien relative, which appear to remain pending with USCIS. (Doc. 7 at 8.) Petitioner also applied and was approved for an I-765 application for employment authorization. (*Id.*) Petitioner is not currently subject to a final order of removal. (*See id.*)

On August 8, 2026, Petitioner was arrested by local police and booked into Harris County Jail, Texas for assault on a family member under Tex. Pen. Code § 22.01(a)(1) and unlawful restraint under Tex. Pen. Code § 20.02(c). (Doc. 7 at 9, 19–20.) On September 2, 2026, both charges were dismissed. (*Id.* at 20–21.) Apart from this recent arrest, Petitioner has no other criminal history. (*See id.* at 19–22.) It appears that local police then contacted ICE who arrived at Harris County Jail on August 8, 2026, to interview the Petitioner. (*Id.* at 8.) ICE then arrested the Petitioner on or around September 4, 2026, presumably upon Petitioner's release from jail, pursuant to an I-247A immigration detainer that ICE lodged with the Harris County Sheriff's

Office. (*See id*. at 8, 9.) Petitioner was transferred to the California City Detention Facility, where he remains. (Doc. 1 at 2, 32.)

On September 23, 2026, Petitioner filed a habeas petition and motion for temporary restraining order, arguing that his detention violates the Fifth Amendment Due Process Clause. (Doc. 1 at 25–27; Doc. 2.) On October 5, 2026, Respondents filed an opposition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) while his removal proceedings are ongoing. (Doc. 7 at 2.)

**IV. DISCUSSION**

As Respondents concede, Petitioner's detention is controlled by 8 U.S.C. § 1226(a), as someone who was formally encountered upon entry into the United States and released into the interior of the country on his own recognizance. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. The record indicates that Petitioner was recently arrested for assault and unlawful restraint on a family member in violation of Tex. Pen. Code §§ 22.01(a)(1) and 20.02(c), respectively. (Doc. 7 at 9, 19–20.) Although Petitioner's charges were ultimately dismissed, (*id*. at 20–21), this Court finds that "Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report. . . the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the

Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026). Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision.

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

///

///

///

///

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 16, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE